Matter of Daniels v City of Rochester (2019 NY Slip Op 08902)





Matter of Daniels v City of Rochester


2019 NY Slip Op 08902


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

527965

[*1]In the Matter of the Claim of Freddie Daniels, Claimant,
v
City of Rochester et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Hamberger & Weiss, Buffalo (Stephen P. Wyder Jr. of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Lynch, J.P.
Appeal from an amended decision of the Workers' Compensation Board, filed May 8, 2018, which ruled that the employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, who performed grounds and maintenance work for the employer, sustained a work-related injury to his right knee in 2010 and was awarded benefits. Numerous hearings ensued and, in November 2016, a Workers' Compensation Law Judge ruled that claimant remained attached to the labor market and directed the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) to continue payments to claimant. The employer then sought review of that decision by the Workers' Compensation Board; attached to the employer's RB-89 form was a 10-page brief outlining the issues to be addressed.
By decision filed June 13, 2017, a Board panel denied the employer's application, finding that the employer's explanation for submitting a legal brief in excess of the eight pages allowed by 12 NYCRR 300.13 (b) (1) (i) was insufficient. The employer simultaneously appealed to this Court and sought reconsideration and/or full Board review. By amended decision filed May 18, 2018, the Board again denied the employer's application for review based upon the employer's noncompliance with 12 NYCRR 300.13 (b) (1) (i). The employer appeals from the Board's amended decision.[FN1]
12 NYCRR 300.13 (b) (1) (i) permits the appealing party to attach to the application for Board review "a legal brief of up to eight pages in length" — subject to certain formatting requirements — and expressly provides that "[a] brief longer than eight pages will not be considered, unless the appellant specifies, in writing, why the legal argument could not have been made within eight pages." Here, the employer submitted a 10-page legal brief, explaining that its failure to comply with the foregoing page limit was "[d]ue to the complexity of the Board [p]anel precedent and other case law/statutes governing the issue raised in Point II" of the brief (emphasis omitted). The Board deemed this "cursory referral to the 'complexity' of issues" to be an insufficient reason for exceeding the page limit — noting that the employer's brief was made "needlessly lengthy" by providing "lengthy quotations" from prior Board decisions. As a consequence, the Board summarily denied the employer's application for review without addressing the merits.
Recently, we have recognized on numerous occasions that the Board is authorized to adopt reasonable rules governing the content and formatting of an application (form RB-89) for Board review of a decision by a Workers' Compensation Law Judge, and that a failure to comply may result in the denial of the application (see 12 NYCRR 300.13 [b] [1], [4]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257 [2019]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d 1001 [2019]). Consistently, we recognize that the Board is authorized to impose page limitations on legal briefs within reason, and we take no issue with an eight-page limitation as a starting point. Moreover, it is certainly within reason for the Board to require an applicant proposing to submit a brief longer than eight pages, but no more than 15 pages, to "specif[y], in writing, why the legal argument could not have been made within eight pages" (12 NYCRR 300.13 [b] [1] [i]).
The difficulty here is that there is no defined standard as to what explanation the Board would consider adequate. Worse yet, the regulation, by its express terms, does not authorize the Board to dismiss an application for Board review where a brief longer than eight pages is submitted without an adequate explanation. In such an instance, the regulation simply specifies that the brief "will not be considered" (12 NYCRR 300.13 [b] [1] [i]). Although the regulation also provides that an application may be denied "when the applicant . . . does not comply with prescribed formatting. . . requirements" (12 NYCRR 300.13 [b] [4] [i]), the filing of a brief is discretionary, not mandatory. As such, we find that the Board acted arbitrarily in dismissing the employer's application for Board review. We further conclude that it would not be reasonable in the first instance for the Board to reject an oversized brief outright for to do so would undermine the role of counsel. We find this aspect of the regulation flawed for there is simply no safety valve that would allow an applicant to seek permission to file a lengthier brief without jeopardizing the ability to submit a legal analysis supportive of the application for Board review (compare Rules of Ct of Appeals [22 NYCRR] § 500.13 [c] [2], [4] [Court of Appeals rules governing length of brief]; Rules of App Div, All Depts [22 NYCRR] §§ 1250.8 [f] [2]; 1250.9 [h] [Appellate Division rules governing length of brief]). As such, we find that the regulation is unreasonable with respect to the oversized brief exception and must be rejected as arbitrary and capricious. The matter must be remitted to the Board for further proceedings.
Clark, Devine and Pritzker, JJ., concur.
ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The employer apparently withdrew its appeal from the Board's original June 2017 decision.